Violeta KASO, Ola Kaso, Nevila Kaso, Petitioners,

v.

Alberto GONZALES, Respondent.

No. 05–2098–ag.

United States Court of Appeals, Second Circuit.

Dec. 29, 2006.

Ashley Mammo, West Bloomfield, MI, for Petitioner.

Richard M. Pence, Jr., Assistant United States Attorney, for Bud Cummins, United States Attorney for the Eastern District of Arkansas, Little Rock, AR, for Respondent.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners Violeta Kaso and her daughters Ola and Nevila Kaso, natives and citizens of Albania, seek review of the March 31, 2005, order of the Board of Immigration Appeals ("BIA") denying their motion to reopen and/or motion to reconsider. *See In re Violeta Kaso et al.* Nos. A. 76 778 637, 76 778 638, 75 986 579 (B.I.A. Mar. 31, 2005). We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

■ We first note that we lack jurisdiction to consider petitioners' challenge to the BIA's December 10, 2004, decision denying their motion to reopen based on changed country conditions. Petitioners never filed a petition for review of this decision nor did they challenge this aspect of the BIA's decision in their subsequent motion to reopen/reconsider. Their petition for review with respect to the BIA's December 10th decision is untimely. *See* 8 U.S.C. § 1252(b)(1). Accordingly, we lack jurisdiction to consider petitioners' argument that the BIA erred in failing to reopen her proceedings based on changed country conditions. *See Malvoisin v. INS,* 268 F.3d 74, 75–76 (2d Cir.2001).

■ We turn then to petitioners' argument that the BIA improperly denied their second motion to reopen/motion to reconsider, which is premised on a claim of ineffective assistance of counsel. We review the BIA's denial of a motion to reopen or a motion to reconsider for abuse of discretion. *See Jie Chen v. Gonzales,* 436 F.3d 76, 77 (2d Cir.2006). We find no abuse of discretion in the BIA's decision to deny petitioners' motion insofar as it was a motion to reconsider the BIA's denial of petitioners' first motion to reopen. "[A] motion for reconsideration must specify the errors of fact or law in the Board's decision and be supported with pertinent authority. A motion to reconsider asserts that at the time of the Board's previous decision an error was made." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001) (internal quotation marks and citations omitted). Petitioners presented no arguments in their first motion to reopen, filed approximately 18 months after the BIA issued its final order of removal, that would explain or excuse the untimeliness of their filing. Thus, the BIA could properly deny that motion as untimely, and we find no abuse of discretion in its refusal to reconsider that decision.

■ With respect to the BIA's denial of petitioners' motion insofar as it was a motion to reopen, even if we were to find that petitioners have shown prejudice because of counsel's failure to file a brief, remand would be futile since petitioners'

second motion to reopen is both time-barred and number-barred. *See* 8 C.F.R. § 1003.2(c)(2). Although these procedural requirements are subject to equitable tolling, petitioners have not "affirmatively demonstrate[d] that [they] exercised reasonable due diligence during the time period sought to be tolled." *Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). While petitioners' current counsel makes several allegations against former counsel in her brief to this Court, there is nothing in the record to support counsel's assertion that petitioners did not become aware of former counsel's failure to file a brief until August 2004. For instance, neither Mrs. Kaso nor her daughter submitted an affidavit attesting to their alleged phone calls with former counsel in which he purportedly withheld the fact that petitioners' appeal had been summarily dismissed. The letter petitioners point to in support of their contention provides no information as to *when* they became aware of counsel's failure to file. Thus, petitioners have not met their burden of demonstrating reasonable diligence, and their second motion to reopen is therefore procedurally barred under 8 C.F.R. § 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED. Kaso's pending motion to stay the order of removal is also DENIED.