BO YU ZHU, a/k/a Boyu Zhu, a/k/a Chang Ta Lee, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 06–0513–ag.

United States Court of Appeals, Second Circuit.

Feb. 23, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, N.Y., for Petitioner.

Kevin J. O'Connor, U.S. Atty., Dist. of Connecticut, Victoria S. Shin, William J. Nardini, Asst. U.S. Attys., New Haven, CT, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Bo Yu Zhu, a native and citizen of China, seeks review of the May 17, 2006 order of the BIA denying his motion to reconsider. *In re Bo Yu Zhu,* No. A97 390 262 (B.I.A. Jan. 10, 2006). We assume

the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

 The BIA did not abuse its discretion in denying Zhu's motion. As a preliminary matter, the BIA reasonably construed the motion as one to reconsider and reopen, given that Zhu submitted documentary evidence in addition to raising new arguments in the motion. *See Jie Chen*, 436 F.3d 76, 78–79 & n. 5 (2d cir. 2006).

 Moreover, the BIA did not abuse its discretion in declining to "reconsider" the argument—which, we note, Zhu did not raise in his appeal—that the IJ improperly excluded evidence and pretermitted his asylum claim. As the BIA noted, the IJ has the authority to set filing deadlines and to reject materials submitted after the deadline. *See* 8 C.F.R. § 1003.31(c). Here, the IJ alerted Zhu early in the proceedings that his asylum claim might be pretermitted if he failed to illustrate a nexus to a protected ground, and granted him a 30-day continuance in which to submit a brief addressing the

nexus requirement. When Zhu had neither submitted a brief, nor requested an extension of the deadline, after nearly 60 days, the IJ acted within his discretion in pretermitting the asylum claim. *See id.; Sanusi v. Gonzales*, 445 F.3d 193, 199–200 (2d Cir.2006). Moreover, as the record does not suggest that the IJ denied Zhu a full and fair opportunity to submit the brief or other background evidence, we find no violation of due process. *See Morgan v. Gonzales*, 445 F.3d 549, 552 (2d Cir.2006).

 Finally, to the extent Zhu sought to reopen his case for consideration of the background materials he submitted with his motion—which, we note, did not include the brief addressing the asylum nexus—the BIA did not abuse its discretion in denying reopening. As the BIA noted, each of the articles submitted with the motion related to torture in China and illegal emigrants, and predated his hearing.[1] The BIA had already considered and rejected Zhu's challenges to the IJ's denial of CAT relief in his appeal, and therefore reasonably found that the evidence was neither material nor previously unavailable. *Cf.* 8 C.F.R. § 1003.2(c)(1). Zhu has thus failed to demonstrate that the BIA acted arbitrarily or exceeded its authority in denying his motion to reconsider and reopen. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Zhu's pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. While Zhu claimed in his motion that the IJ prevented him from filing either a brief or the background evidence, the record does not indicate that Zhu attempted to file the articles relevant to his CAT claim before the IJ.

Moreover, while he made repeated references to these articles in his brief to the BIA, he did not attach them to the brief, nor explain in his motion why they could not have been submitted with the appeal.