**MEI LU ZHENG, Petitioner,**

v.

**U.S. BIA, U.S. Attorney General, U.S. BCIS Trial Unit, Respondents.**

No. 05–5915–ag.

United States Court of Appeals, Second Circuit.

March 14, 2007.

Mei Lu Zheng, pro se, Bronx, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hamp-shire, Donald A. Feith, Assistant United Sates Attorney, Concord, New Hampshire, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Lu Zheng, a native and citizen of China, seeks review of the October 7, 2005 order of the BIA denying his motion to reopen or reconsider. *In re Mei Lu Zheng,* No. A78 745 477 (B.I.A. Oct. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v.Gonzales,* 439 F.3d 109, 111 (2d Cir. 2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In this case, while we find several aspects of this case troubling, we ultimately conclude that to vacate the BIA's denial of the instant motion and remand would be futile. *See Alam v. Gonzales,* 438 F.3d 184, 187 (2d Cir.2006); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–40 (2d Cir.2006).

█ As an initial matter, Zheng correctly contends that while his motion was explicitly captioned as one to reconsider, and met the substantive requirements of a motion to reconsider, *see* 8 C.F.R.

§ 1003.2(b)(1), the BIA inexplicably construed it as one to reopen. *See Jie Chen v. Gonzales*, 436 F.3d 76, 78–79 (2d Cir. 2006) (discussing the differences between the two kinds of motions). Even assuming the basis for Zheng's motion was ambiguous, the BIA erred in failing to provide any analysis to explain the categorization it chose. *Id.* Because Zheng's motion was, by all indications, one to reconsider, the BIA's stated reason for denying it—that is was numerically barred as a motion to reopen—was inapplicable and arbitrary.[1] *See id.*

 Nevertheless, we are " 'not required to remand where there is no realistic possibility that, absent the errors, the[agency] would have reached a different conclusion.' " *Alam*, 438 F.3d at 187 (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005)); *see also Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000). Here, Zheng's motion to reconsider was not only untimely, but also could be considered, at most, a request that the BIA reconsider its September 2002 denial of his second motion to reopen. *See Jin Ming Liu*, 439 F.3d at 111. As that motion was not only untimely, but also completely duplicative of his first motion to reopen, it is clear that the BIA did not abuse its discretion in denying it.

Finally, to the extent the BIA addressed the merits of Zheng's underlying ineffective assistance of counsel claim in its most recent decision, we note that, in order to prevail on such a claim, an alien must demonstrate that he was prejudiced by former counsel's actions or inactions. *See Esposito v. INS*, 987 F.2d 108, 111 (2d

Cir.1993). We find no error in the BIA's prior determination that Zheng failed to demonstrate prejudice from former counsel's failure to file an appeal brief, when he failed to challenge the IJ's adverse credibility finding. While we note that he challenged this finding for the first time in the instant motion to reconsider, we may not reach that finding now. *See Kaur*, 413 F.3d at 233.

Accordingly, Zheng has not demonstrated any prejudice resulting from former counsel's failure to file a brief, nor any error in the BIA's denial of his second motion to reopen. Having reviewed the entire record, we conclude that remand for additional consideration is not warranted. *See Alam*, 438 F.3d at 187.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. Moreover, we find the BIA's decision to treat the motion as numerically-barred puzzling when the motion was filed two years after the BIA's most recent decision in Zheng's case, and accordingly, was time-barred as either a motion to reopen or to reconsider. *See* 8 C.F.R. § 1003.(b)(2) (a motion to reconsider must be filed within 30 days of the final administrative decision), (c)(2) (providing 90 days to file a motion to reopen).