**Karmjit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–4396–ag.

United States Court of Appeals, Second Circuit.

April 18, 2007.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Brett L. Tolman, United States Attorney for the District of Utah, Amy J. Oliver, Assistant United States Attorney, Salt Lake City, UT, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Karmjit Singh, a native and citizen of India, seeks review of a September 5, 2006 order of the BIA denying his motion to reopen and reconsider. *In re Karmjit Singh*, No. A79 084 659 (BIA September 5, 2006).[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

Petitioner did not timely petition for review of the June 2, 2006 order of the BIA that affirmed the IJ's denial of his underlying asylum application. Therefore, our review is limited to the BIA's decision not to reopen or reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir.2001) (holding that "an appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve two separate petitions filed to review two separate final orders." (internal quotations omitted)). We review the denial of a motion to reopen or reconsider for abuse of discretion, *see Sukhraj Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam), which will be found only "where the [BIA's] decision provides

1. As a preliminary matter, the BIA properly construed Singh's motion as both a motion to reconsider and a motion to reopen. *See, e.g.,* *Jie Chen v. Gonzales*, 436 F.3d 76, 78 n. 5 (2d Cir.2006).

no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner," *Wei Guang Wang v. BIA,* 437 F.3d 270, 273 (2d Cir.2006) (citations and internal quotation marks omitted).

*Motion to Reopen*

■ A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Zhao,* 265 F.3d at 90. Such a motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also Sedigheh and Hessmaddin Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir. 2006). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Assibi Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

In the present case, the BIA did not abuse its discretion in denying Singh's motion to reopen the proceedings. First, the BIA properly refused to consider those articles submitted by Singh in support of his motion to reopen that predated the IJ's decision because they were not previously unavailable. Second, although the remaining articles support Singh's claim that police in India generally mistreated Sikhs, they did not undermine the IJ's adverse credibility determination, which was the sole basis on which Singh's application was denied.

*Motion to Reconsider*

■ A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1); *Zhao,* 265 F.3d at 90. A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna,* 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991) (internal quotation marks omitted). "The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected." *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

In support of his motion to reconsider, Singh claimed that his statements regarding his arrests were not inconsistent and that the other inconsistencies underlying the adverse credibility determination did not go to the heart of his claim. Because the BIA had already considered and rejected these arguments in dismissing Singh's appeal of the final order of removal in his case, the BIA did not abuse its discretion in denying Singh's motion to reconsider.

The petition for review is therefore DENIED. Having completed our review, petitioner's pending motion for a stay of removal in this proceeding is DISMISSED as moot.