**Jie CHEN, Petitioner,**

v.

**Alberto GONZALES,\* Respondent.**

**No. 04–4238–AG(NAC).**

United States Court of Appeals, Second Circuit.

Submitted: Jan. 16, 2006.

Decided: Jan. 24, 2006.

Joan Xie, New York, NY, for Petitioner.

Dennis C. Carletta, Assistant United States Attorney (Christopher J. Christie, United States Attorney for the District of

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted for his predecessor, Attorney General John Ashcroft, as the respondent in this case.

New Jersey, on the brief), Office of the United States Attorney for the District of New Jersey, Newark, NJ, for Respondent.

PER CURIAM.

Defendant Jie Chen, a native and citizen of the People's Republic of China, appeals from a July 15, 2004 Order of the Board of Immigration Appeals ("BIA") denying the motion he submitted to the BIA on May 27, 2003. That motion requested that the BIA "reconsider or reopen" its April 22, 2003 Order dismissing Chen's appeal of a January 24, 2002 decision of an immigration judge ("IJ") denying his request for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").[1]

■ We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (motion to reopen); *Zhong Guang Sun v. DOJ,* 421 F.3d 105, 107 (2d Cir.2005) (motion to reconsider).

The IJ denied Chen's claims for relief on the basis of an adverse credibility finding. Chen filed a Notice of Appeal to the BIA (Form EOIR–26), dated February 6, 2002, stating that the IJ erred in failing to consider the particular facts and circumstances of Chen's country conditions and made a decision that was "arbitrary and not supported by the facts" of the case. In the Notice of Appeal, Chen checked the box in Item 6 that indicated his intention to "file a separate written brief or statement" in support of his appeal. Immediately under Item 6, the notice of appeal form presents a warning—next to an oversized exclamation mark—that an "appeal may be summarily dismissed if [one] indicate[s] in Item # 6 that [he] will file a separate written brief or statement" and fails to do so. This warning accords with the regulations governing appeals to the BIA. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E) (providing, in pertinent part, that a single BIA member may dismiss an appeal if the "party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing").

Here, the BIA dismissed Chen's initial appeal under Section 1003.1(d)(2)(i)(E) on the ground that Chen did not file a brief or statement in the allotted time. Chen then moved—in a motion received more than thirty but fewer than ninety days after the BIA's dismissal of his appeal—for the BIA to "reconsider or reopen" his case.[2] Chen alleged that he sent his initial appellate brief to the BIA by United States Postal Service "Express Mail" on April 24, 2002,

---

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; *see also* 8 C.F.R. § 1208.16 (regulations implementing the CAT).

2. According to BIA regulations, "[a] motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision," 8 C.F.R. § 1003.2(b)(2), whereas a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered,"

*id.* § 1003.2(c)(2). The parties do not dispute that Chen's motion was untimely as a motion to reconsider and timely as a motion to reopen.

Chen's motion is entitled: "Motion to Reconsider or Reopen," and it concludes, "I respectfully ask the Board to reconsider or reopen my removal proceedings." Chen, who was uncounseled before the BIA, did not specify whether any particular theory was asserted to support reopening rather than reconsideration.

the day before the appeal was due. He stated that "Express Mail" is guaranteed to arrive the day after it is mailed and argued that the BIA should therefore grant his motion to reconsider or reopen because he has "no control of any delays that may be caused by the Postal Service." Treating Chen's motion as a "motion to reconsider," the BIA dismissed it as untimely pursuant to 8 C.F.R. § 1003.2(b)(2).[3] The BIA did not address the merits of Chen's motion.

■ In his petition for review, Chen argues that his motion was a motion to reopen, rather than a motion to reconsider, and thus was timely.[4] The question before us is whether Chen's submission was properly characterized as raising only a "motion to reconsider"—and thus was correctly dismissed as untimely—or whether the submission raised a motion to reopen in addition to or instead of a motion to reconsider. If Chen filed a proper motion to reopen, the BIA's complete failure to address it would require us to remand the cause.[5]

■ Here, we conclude that Chen's "motion to reconsider or reopen" could reasonably have been deemed—at least in part—as a motion to reopen under the

BIA's regulations. Pursuant to 8 C.F.R. § 1003.2(c)(1), "[a] motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." In addition, a "motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.* Chen aims to prove that he made a good faith effort to timely file the brief supporting his original appeal to the BIA. The "new facts" he would prove are, in substance, that he mailed the brief by "Express Mail" the day before the filing deadline with the expectation of timely arrival. His motion is supported by a statement describing his attempt to timely file, and he included with his motion a copy of the BIA briefing schedule for his original appeal and his "Express Mail" receipt dated one day before the filing deadline.

While this evidence was theoretically "available" at the time Chen's original appeal was pending, it was not then material. Indeed, any documentation he had attempted to submit would likely have been

---

3. The BIA Order stated that the "motion to reconsider has been filed out of time and will be denied." It said nothing about a motion to reopen.

4. To the extent Chen filed a motion to reconsider as well as a motion to reopen, we affirm the BIA's denial of the motion to reconsider as untimely.

5. It is of course not the case that a bare description of a filing as a "motion to reopen" allows a petitioner to avoid the thirty-day time limit governing motions to reconsider. Unless a motion meets the criteria for motions to reopen as described in the BIA regulations, *see* 8 C.F.R. § 1003.2(c), a motion styled as a "motion to reopen" may properly be dismissed as untimely if the BIA finds it to

be a "motion to reconsider" that was not filed within thirty days after the mailing of the BIA decision. *Id.* § 1003.2(b)(2).

Where the BIA, based on relevant regulations, determines that the claims asserted in an ambiguous motion are properly construed as either a "motion to reopen" or a "motion to reconsider," the BIA's conclusion would be reviewed for abuse of discretion. Where, as here, the BIA reached no such conclusion, we must remand unless we can confidently state that petitioner's putative categorization before this Court is without merit, which we cannot do here. *Cf. Xiao Ji Chen v. DOJ*, 434 F.3d 144, 158–62 (2d Cir.2006) (affirming despite IJ error because we could "state with confidence" that the IJ would reach same result on remand).

lost along with his brief.[6] Accordingly, the evidence of Chen's efforts to timely file was constructively "not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

The Government argues that Chen's motion was appropriately treated as a motion to reconsider rather than as a motion to reopen. Its primary argument is that because Chen's motion alleged an error of fact—*i.e.*, that the BIA erred in determining that his brief was not timely filed—the motion "specif[ied][an] error[ ] of fact of law in the prior Board decision." *Id.* The Government's characterization of Chen's claim is plausible, but it is not the only reasonable interpretation of Chen's motion. His motion can also be construed as a request that, despite his untimely filing, the BIA nonetheless hear his appeal on the merits because his untimeliness is excusable.

The BIA might not have abused its discretion had it rejected Chen's motion to reopen on the merits. *See In re Lopez,* 22 I. & N. Dec. 16, 17–18 (BIA 1998) (rejecting motion to reconsider denial of appeal as untimely despite argument that petitioner attempted to file timely with Federal Express overnight delivery). It is not our place, however, to evaluate in the first instance the merits of motions filed with the BIA.

For the foregoing reasons, the petition for review is hereby granted in part, the decision of the BIA is vacated in part, and the case is remanded to the BIA for further proceedings consistent with this decision either to (1) review Chen's motion to reopen on the merits or (2) determine that, pursuant to BIA regulations, Chen's claims may properly be raised only in a motion to reconsider.

---

**6.** The Government disputes that Chen's brief in support of his original appeal to the BIA even existed, let alone was sent to the BIA. Although the Government may be correct, especially as Chen has never produced a copy of the brief, such determinations of fact belong in the first instance with the BIA.

