**HUA JING GAO, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–3381–ag.**

United States Court of Appeals, Second Circuit.

May 1, 2006.

Hua Jing Gao, for Petitioner, pro se.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, William E. Morse, Assistant United States Attorney, Concord, New Hampshire, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

## SUMMARY ORDER

Hua Jing Gao, pro se, petitions for review of the BIA's denial of her motion to reconsider her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A party may file only one motion to reopen, which must be filed within 90 days, or one motion to reconsider, which must be filed within 30 days, after the date on which a final administrative decision was rendered in the proceeding sought to be re-evaluated. 8 C.F.R. § 1003.2(b)(2), (c)(2). However, time and numerical limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality," and the evidence sought to be offered "is material and was not available and could not have been discovered at the previous proceeding." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, Gao's statements concerning her sister-in-law's sterilization and her mother's warning that local officials were aggressively implementing the birth control policy are new facts, but they do not constitute material facts that would alter the underlying BIA denial of relief. Initially, the BIA denied Gao's appeal because it found that there were material inconsistencies between her claim and the claim of her husband regarding the details of her alleged forced abortion. The BIA also noted that Gao lacked available corroborating evidence to overcome such inconsistencies. Even if the new facts alleged by Gao are assumed to be true, they nevertheless do not alter the outcome of the BIA's March 2003 decision. *See Kaur v. BIA,* 413 F.3d at 234 (citing *Ballenilla–Gonzalez v. INS,* 546 F.2d 515, 520 (2d Cir.1976) as noting that " '[i]mplicit' in the requirement that the party seeking reopening of proceedings 'state the new facts to be proved at the reopened hearing' is the 'the assumption that no such motion will be granted unless the facts alleged would be sufficient, if proved, to change the result' ").

Accordingly, we need not determine whether the BIA abused its discretion by not recognizing a motion to reopen cached within Gao's motion to reconsider because we state with confidence that the BIA would reach the same result on remand. *Xiao Ji Chen v. DOJ,* 434 F.3d 144, 158–62 (2d Cir.2006) (affirming despite agency error because the Court could "state with confidence" that the IJ would reach same result on remand); *cf. Jie Chen v. Gonzales,* 436 F.3d 76, 78 n. 5 (2d Cir.2006) (declining to affirm because it could not confidently predict the same result on remand); *Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000) (affirming the BIA's denial of a motion to reopen on grounds not stated in the BIA's decision because it was certain the BIA would have resolved the issue the same way).

For the foregoing reasons, Gao's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure

34(a)(2), Second Circuit Local Rule 34(d)(1).