**HEN SHI YANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3380–ag.**

United States Court of Appeals, Second Circuit.

June 29, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Kimberly Ellis and Michael Brown, New York, New York, for Petitioner.

Heather Phillips, Assistant United States Attorney (Kenneth L. Wainstein, United States Attorney for the District of Columbia, Bernard J. Delia and Madelyn Johnson, Assistant United States Attorneys for the District of Columbia), for Respondent.

Present: ROSEMARY S. POOLER, RICHARD C. WESLEY and PAUL R. MICHEL [2], Circuit Judges.

## SUMMARY ORDER

Hen Shi Yang, through counsel, petitions for review of the BIA decision denying his motion to reopen removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Although Yang's motion was before the BIA as a motion to reopen, it was styled as a motion to reconsider. *See In re Cerna*, 20 I. & N. Dec. 399, 402–03, 1991 WL 353528 (BIA 1991) (distinguishing a motion to reopen from one to reconsider). A motion to reopen is generally premised on new evidence that was not previously available; while Yang classifies a February 2004 decision of this Court as "new evidence," a request for the BIA to reexamine a decision in light of a change in law is premised on the inadequacy of the BIA's legal reasoning, not that of the factual record. See *id.* at 403 n. 2. Yang's motion was timely only if considered as a motion to reopen, rather than one to reconsider. See 8 C.F.R. § 1003.2(b)(2) (imposing a 30–day filing deadline on motions to reconsider); *id.* at § 1003.2(c)(2) (imposing a 90–day deadline on motions to reopen). Because the BIA considered the merits of Yang's motion without addressing this distinction, and its analysis appears to apply factors for considering both forms of motions, we analyze Yang's motion as if it were a timely motion to reopen and reconsider. See *Jie Chen v. Gonzales*, 436 F.3d 76, 78–79 (2d Cir.2006) (per curiam) (discussing generally the BIA's discretion to consider a motion as one to reopen or reconsider).

In reviewing a motion to reopen or reconsider, we are precluded from passing on the merits of the underlying claim for relief, and review must be confined to whether the BIA abused its discretion in denying the motion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 93 (citations omitted). Additionally, the BIA abuses its discretion when it fails to consider the "record as a whole," and denies a motion without addressing "all the factors relevant to [a] petitioner's claim." *Id.* at 97. Here, the BIA did not consider the record as a whole, because its decision is premised on errors of fact, including a mischaracterization of the IJ's decision.

Subsequent to the BIA's denial of Yang's appeal, we issued a decision containing a warning against IJs placing ex-

---

**2.** The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

cessive reliance on State Department reports. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). Although the weight to be given to State Department reports remains within the IJ's discretion, and the point at which reliance becomes excessive is not clear, see *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164–65 (2d Cir.2006), the BIA abused its discretion in not finding that the IJ's reliance was excessive in this case.

The BIA erred in rejecting Yang's argument that the IJ placed excessive reliance on the State Department Profile, when the IJ's decision was based almost entirely on apparent contradictions between Yang's testimony and the Profile. In doing so, the BIA relied on the erroneous assumption that "much of the [IJ's] negative credibility finding was based upon issues unrelated to the Country Report, such as inconsistencies" in Yang's testimony. To the contrary, the IJ noted that Yang's application "generally agree[d]" with his testimony, and pointed to only one minor internal inconsistency in the testimony—whether Yang was home when the officials came to take his wife for one of her IUD insertions—for which Yang provided an adequate explanation in his motion. Because the *only* arguable testimonial inconsistency is not supported by the record, we cannot find that the BIA met its obligation to consider the record as a whole. See *Ke Zhen Zhao,* 265 F.3d at 97.

Yang's alternative argument—that the IJ in this case was prejudiced against him—was properly rejected by the BIA. Yang's "new evidence" of the particular IJ's low asylum grant rate failed to substantiate his claim that the IJ was prejudiced against him specifically. Therefore, the BIA did not abuse its discretion in denying reopening or reconsideration on

this ground. See *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

Accordingly, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).