**Balvir SINGH, Petitioner,**

v.

**BUREAU OF IMMIGRATION AFFAIRS, et al., Respondents.**

**No. 03–4101–ag.**

United States Court of Appeals, Second Circuit.

Nov. 8, 2006.

Brian E. Mezger, Bethesda, MD, for Petitioner.

Robin W. Morey, Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney; Sara L. Shudofsky, Assistant United States Attorney, of counsel), New York, NY, for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Balvir Singh, a native of Punjab, India, petitions for review of the BIA's denial of a motion to reopen his asylum application and withholding of removal claim. It was the second such motion Singh filed.

In a per curiam order, the BIA denied the motion as numerically barred pursuant to 8 C.F.R. § 1003.2(c)(2), which allows for only one motion to reopen. In a footnote, the BIA added that even if the motion were interpreted as a motion to reconsider, it nevertheless would be denied because Singh "failed to specify any error in our previous decision." *In re: Balvir Singh,* BIA, A 75 256 403, order dated Dec. 20, 2002, at 1 n. 1.; *see also,* 8 C.F.R. § 1003.2(b).

We review the BIA's denial of a motion to reopen and a motion to reconsider for abuse of discretion. *Jie Chen v. Gonzales,* 436 F.3d 76, 77 (2d Cir.2006). In particular, "[w]here the BIA, based on relevant regulations, determines that the claims asserted in an ambiguous motion are properly construed as either a 'motion to reopen' or a 'motion to reconsider,' the BIA's conclusion would be reviewed for abuse of discretion." *Id.* at 78 n. 5. "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (citation omitted).

Our review is limited to the motion filed on October 21, 2002. The petitioner did not timely appeal the BIA's underlying decision on the merits of his asylum application or withholding of removal claim, nor did he timely appeal the BIA's denial of the first motion to reopen. "We are therefore 'precluded from passing on the merits of the underlying exclusion proceedings,' and must confine our review to the denial of petitioner's motion to reopen these proceedings." *Kaur,* 413 F.3d at 233 (citing

*Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001)).

■ We need not determine whether Singh's motion was a motion to reopen or a motion to reconsider because the BIA properly analyzed the motion under both alternatives. In either case, the BIA adequately explained why the motion failed, and it included citations to the relevant and controlling regulations. Therefore, the BIA did not abuse its discretion in denying the motion. *See Chen*, 436 F.3d at 78.

For the foregoing reasons, Singh's petition is hereby DENIED.