**BEN HUI CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–0137–ag.

United States Court of Appeals, Second Circuit.

Aug. 1, 2007.

Farah Loftus, Los Angeles, CA, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Kevin M. Mulcahy, Assistant United Sates Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Ben Hui Chen, a native and citizen of the People's Republic of China, seeks review of the December 14, 2006 order of the BIA denying her motion to reopen. *In re Ben Hui Chen,* No. A79 641 281 (B.I.A. Dec. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA correctly noted that Chen's motion to reopen was untimely, as it was filed over five months after the BIA's February 2006 affirmance of the IJ's decision. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of the final administrative decision). Therefore, in order to qualify for an exception to this time bar, he was required to demonstrate changed circumstances arising in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not abuse its discretion in finding that he failed to make such a showing, and that his motion did not meet the substantive standards for a motion to reopen, regardless of whether it was considered timely.

The only document Chen submitted with his motion was his own affidavit, in which he stated that "recently" his wife told him that the local government had become aware of his illegal departure and application for asylum in the United States, and threatened to punish him for the harm he had caused to China's reputation. As the BIA noted, this affidavit was not dated, and Chen did not include any details regarding how or when he learned this information from his wife. He also failed to support his allegations with any evidence, such as a statement from his wife. The

regulations require that a motion to reopen be "supported by affidavits and other evidentiary material," and that the evidence be both material and unavailable at the time of the alien's merits hearing. 8 C.F.R. § 1003.2(c)(1); *see Kaur,* 413 F.3d at 234. Because Chen submitted insufficient evidence to support the allegations in his motion, and provided insufficient information to establish that there had been developments in China post-dating his hearing, the BIA did not abuse its discretion in denying his motion to reopen based on changed circumstances in China.

Finally, to the extent Chen sought reopening in light of new precedent, the BIA reasonably construed that portion of his request as a motion to reconsider. *See Jie Chen v. Gonzales,* 436 F.3d 76, 78–79 & n. 5 (2d Cir.2006). As the BIA correctly noted, Chen's motion was also untimely as a motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(2) (a motion to reconsider must be filed within 30 days of the final administrative decision). Accordingly, the BIA did not abuse its discretion in finding that reconsideration was unwarranted.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.