**JI XIANG WANG, Petitioner,**

v.

**Attorney General Alberto GONZALES, Respondent.**

No. 06–5445–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2007.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney; Kevin M. Mulcahy, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Ji Xiang Wang, a native and citizen of the People's Republic of China, seeks review of an October 30, 2006 order of the BIA denying his motion to reopen his removal proceedings. *In re Ji Xiang Wang*, No. A 29 809 050 (B.I.A. Oct. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As an initial matter, to the extent that Wang challenges the BIA's May 2003 decision reversing the IJ's grant of asylum and withholding of removal, we are without jurisdiction to consider his arguments. We may review only the BIA's October 2006 order denying his motion, as that is the only decision for which a petition for review was timely filed. 8 U.S.C. § 1252(b)(1) (providing that a petition for review of a BIA order must be filed within thirty days of the entry of that order).

Here, the BIA did not abuse its discretion in denying Wang's motion. In support of his motion, Wang argued that he was "clear and unhesitating" as he described his wife's "involuntary sterilization," and that the IJ's decision to grant him asylum should be sustained and rein-

stated "in the interest of justice and on equality and humanitarian grounds." In addition, he submitted numerous background articles to support his claim that his wife was forcibly sterilized because they had five children in China. Although Wang does not explicitly state so, his motion is best construed as a motion to reconsider because he essentially argues that the BIA's original decision, finding that he failed to establish that his wife's sterilization was involuntary, was erroneous.

A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b). A party may file only one motion to reconsider any given decision and this motion must be filed with the BIA within thirty days of the mailing of its decision. 8 C.F.R. § 1003.2(b)(2). Captioning a filing as a "motion to reopen" does not allow a petitioner to avoid the thirty-day time limit governing motions to reconsider. *See Jie Chen v. Gonzales,* 436 F.3d 76, 78 n. 5 (2d Cir.2006) (per curiam). Here, the BIA did not construe Wang's motion as a motion to reconsider. However, even if the BIA had construed Wang's filing as such a motion, it had previously dismissed his appeal in May 2003, and Wang did not file his motion until May 2006, well beyond the thirty-day deadline. 8 C.F.R § 1003.2(b)(2). Because there are no exceptions to the time limitations for motions to reconsider, the BIA properly proceeded to evaluate Wang's motion under the regulations applicable to motions to reopen.

Construed as a motion to reopen, Wang's motion was also untimely because it was not filed within ninety days of the deadline for the filing of such motions. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R § 1003.2(c)(2). Moreover, Wang did not demonstrate that he was entitled to any exception from the time limitations for motions to reopen, such as changed country conditions in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). As such, the BIA's denial of his motion was not an abuse of discretion.

Lastly, we are without jurisdiction to consider any arguments pertaining to Wang's request for relief under the Convention Against Torture ("CAT") when he failed to adequately raise this claim before the BIA. Although he mentioned the CAT in his motion, he failed to present any arguments regarding his eligibility for that form of relief. Thus, as a statutory matter, we lack jurisdiction to review any arguments pertaining to this claim. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).