**Ibrahima JALLOH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–0276–ag.**

United States Court of Appeals, Second Circuit.

Aug. 31, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Thomas V. Massucci, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Craig Oswald, Timothy J. Chapman, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ibrahima Jalloh, a native and citizen of Sierra Leone, seeks review of a December 23, 2004 order of the BIA denying his motion to reopen his removal proceedings. *In re Ibrahima Jalloh*, No. A 95 476 290 (B.I.A. Dec. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, we note that Jalloh did not petition this Court for review of the BIA's May 2004 decision, but rather of the BIA's December 2004 denial of his motion to reopen. "Our review is, therefore, limited to the BIA's denial of Jalloh's motion to [reopen] his asylum application; accordingly, we are precluded from passing on the merits of the underlying exclusion proceedings." *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(1) (providing that a petition for review of a BIA order must be filed within thirty days of the entry of that order).

When the agency denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discre-

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

tion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34. (internal quotation marks omitted).

■ Here, the BIA did not abuse its discretion in denying Jalloh's motion. Jalloh argues primarily that the BIA erred in its December 2004 decision because it misunderstood the basis of his motion to reopen. While the BIA found that Jalloh had failed to demonstrate a change in country conditions, he contends that his motion was intended to show that a fundamental change in circumstances had not occurred in Sierra Leone. In other words, Jalloh attempts to specify an error of fact in the BIA's May 2004 decision. Such an argument is properly made in a motion to reconsider. *See* 8 C.F.R. § 1003.2(b) (explaining that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority). A party may file only one motion to reconsider any given decision and this motion must be filed with the BIA within thirty days after the mailing of the BIA decision. 8 C.F.R. § 1003.2(b)(2). Here, even if the BIA had construed Jalloh's filing as a motion to reconsider, Jalloh's motion would have been untimely, as it was filed well beyond the thirty-day deadline. 8 C.F.R § 1003.2(b)(2); *see also Jie Chen v. Gonzales,* 436 F.3d 76, 78 n. 5 (2d Cir.2006) (per curiam) (describing a filing as a "*motion to reopen*" does not allow a petitioner to avoid the thirty-day time limit governing motions to reconsider).

■ Jalloh's motion was only timely as a motion to reopen, because it was filed within ninety days of the BIA's May 2004 decision. There are at least three independent grounds on which the BIA may deny a motion to reopen: (1) "failure to establish a prima facie case for the relief sought"; (2) "failure to introduce previously unavailable, material evidence;" and (3) "a determination that, even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of the relief which he sought." *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). In this case, the BIA properly denied Jalloh's motion under the second prong because he failed to demonstrate that the news articles he submitted, albeit previously unavailable at the time of his hearing, were material to his claim. *Id.* The BIA accurately described these articles as recounting the progress of the Special Court for Sierra Leone and the public's reaction to the proceedings. Because the articles did not overcome the BIA's finding of a fundamental change in circumstances in Sierra Leone—which was based on its observation that the SLPP, Jalloh's political party, was currently in power, and that the RUF rebels had completed disarmament and demobilization—the BIA's denial of his motion to reopen was not an abuse of discretion. *See id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).