**SHI ZHONG KE, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 07–0819–ag.**

United States Court of Appeals, Second Circuit.

Sept. 4, 2007.

Michael Brown, Esq., Law Office of Michael Brown, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division; Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, Kathryn L. Moore, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Shi Zhong Ke, a native and citizen of the People's Republic of China, seeks review of a February 9, 2007 order of the BIA denying his motion to reconsider the dismissal of his appeal and to reopen his removal proceedings. *In re Shi Zhong Ke,* No. A 97 660 368 (B.I.A. Feb. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA denies a motion to reopen or reconsider, this Court reviews its decision for an abuse of discretion. *Chen v. Gonzales,* 436 F.3d 76, 77 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Ke's motion. To the extent that the motion could be construed as a motion to reconsider, the BIA correctly found that the motion was untimely. 8 U.S.C. § 1229a(c)(6)(B). A motion to re-

**744**

consider must be filed no later than 30 days after the date of the decision being challenged. *Id.* The BIA dismissed Ke's appeal on July 11, 2006, but Ke did not file his motion until September 6, 2006, almost 60 days later.

■ To the extent that Ke's motion could be construed as a motion to reopen, the BIA properly concluded that Ke failed to demonstrate that the evidence he submitted was not available and could not have been discovered or presented at his hearing before the IJ. 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir.2006). The certificate submitted by Ke that purportedly certified his girlfriend had undergone an abortion procedure was dated September 2002, several months before Ke left China. In his removal proceedings before the IJ, Ke submitted a letter from his girlfriend dated March 2004, indicating that he had been in touch with her since his arrival in the United States. Ke, who never mentioned his girlfriend's abortion procedure in his testimony before the IJ, offers no explanation as to why he could not obtain the certificate from his girlfriend at the same time that she provided him with her letter or at some other time prior to the close of his hearing. Likewise, the background materials that Ke submitted should have been readily available to him when he testified before the IJ, and he offers no rationale for not providing them at that time.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).