**JIE CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–1277–ag.**

United States Court of Appeals, Second Circuit.

March 7, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey 1 is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

**106**

Theodore N. Cox (Joshua Bardavid, on the brief), New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Carl H. McIntyre, Assistant Director, Gary J. Newkirk, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Jie Chen, a native and citizen of China, seeks review of the March 15, 2007 order of the BIA affirming the January 24, 2002 decision of Immigration Judge ("IJ") Terry Bain, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jie Chen,* No. A76 506 508 (B.I.A. Mar. 15, 2007), *aff'g* No. A76 506 508 (Immig. Ct. N.Y. City Jan. 24, 2002). Respondent has filed a motion to remand the case to the BIA "for readjudi-

cation," and petitioner does not oppose the motion. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Before the IJ, petitioner testified that his wife by "traditional marriage" was subjected to a forced abortion. Petitioner also stated that, after the abortion, he and his wife were threatened with arrest and punishment, and that he would fear fines, imprisonment, and possible sterilization as a result of his violation of the family planning policy if he were to return to China. The IJ determined that petitioner's testimony was not credible, and therefore denied the application. On appeal, the BIA affirmed the IJ's decision, not on the basis of the adverse credibility determination, but because it determined that, even assuming petitioner's testimony was credible, he was not eligible for any of the forms of relief he sought.

Under the law of this Circuit, Chen would not automatically be eligible for asylum as a result of the abortion, whether or not he and his wife were legally married. *Shi Liang Lin v. Gonzales,* 494 F.3d 296, 312–13 (2d Cir.2007) (en banc). A spouse or unmarried partner may still be eligible for asylum under the statute, however, if he demonstrates "other resistance to a coercive population control program," or a "well founded fear that he ... will be ... subject to persecution for such resistance." 8 U.S.C. § 1101(a)(42). The BIA, rather than relying on the IJ's adverse credibility finding, determined that petitioner's testimony before the IJ "does not indicate that he expressed any overt opposition or attempted to interfere with the Chinese government's enforcement of the family planning policy such that he suffered any harm rising to the level of persecution in the Act." In addition, the Board found that Chen's alleged fear of persecution upon return to China was "undermined by the

fact that he is apparently no longer involved in a relationship with his girlfriend."

"Except for taking administrative notice of commonly known facts," the BIA may not itself engage in fact-finding in the course of deciding appeals. 8 C.F.R, § 1003.1(d)(3)(iv). In appeals filed after September 25, 2002, moreover, the BIA is prohibited from engaging in *de novo* review of findings of fact made by IJs, and must instead review an IJ's factual findings for clear error. *Id.* § 1003.1(d)(3)(i). When hearing appeals filed before September 25, 2002, though the BIA may not engage additional in fact-finding of its own, it retains the power to conduct a *de novo* review of factual findings actually made by the IJ. *Jian Xing Huang v. INS,* 421 F.3d 125, 127 (2d Cir.2005).

It is unclear, on the current state of the record, whether the BIA engaged in additional fact-finding with respect to Chen's claim of persecution on the basis of resistance to the family planning policy. It is also unclear whether the Board engaged in a *de novo* review of the IJ's factual findings. Moreover, it is uncertain whether the Board had the power under the regulations to engage in a *de novo* review of findings made by the IJ. Petitioner's appeal was originally filed in February 2002. This initial filing date suggests that the Board had the power to review factual determinations *de novo.* The appeal, however, was dismissed on procedural grounds in April 2003. Chen filed a motion to reopen in May 2003, which, after the intervention of this court, *Jie Chen v. Gonzales,* 436 F.3d 76 (2d Cir.2006), was eventually granted in December 2006, when the Board reinstated the appeal. The briefing schedule issued by the BIA listed the "Date of Appeal" as February 2006. We are not aware of any precedential decisions resolving the question of whether, in such circumstances, new 8 C.F.R. § 1003.1(d)(3)(i) applies to Chen's appeal.

It is in these circumstances that the government has moved to remand the case to the BIA, and that petitioner has agreed to such a remand. We agree as well. The BIA should be given an opportunity to interpret the regulations and determine, in the first instance, the appropriate standard of review, explaining its reasoning in sufficient detail to allow meaningful judicial review. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

Respondent's motion is **GRANTED,** the decision of the BIA is **VACATED,** and the case is **REMANDED** for further proceedings consisted with this order. The petition for review, and petitioner's motion for a stay of removal, are **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).