**AI LING LI, Petitioner,**

v.

**Michael B. MUKASEY [1], Attorney General, Respondent.**

No. 07–4550–ag.

United States Court of Appeals, Second Circuit.

May 6, 2008.

---

[1]. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

Ai Ling Li, Alhambra, CA, pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Ai Ling Li, a native and citizen of the People's Republic of China, seeks review of a September 19, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Ai Ling Li,* No. A77 643 089 (B.I.A. Sept. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S.*

*Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Li's motion to reopen where it was numerically barred.[2] With limited exceptions, a party may file only one motion to reopen removal (whether before the BIA or an IJ). 8 U.S.C. § 1229a (c)(7)(A); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). However, this numerical limitation does not apply if the motion to reopen is filed to apply or reapply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Li's June 2007 motion is her second motion to reopen to the BIA. Thus, to merit reopening, Li would have had to produce material and previously unavailable evidence of changed country conditions. *Id.* However, Li's father-in-law's affidavit described facts that occurred in December 2006, prior to her first motion to reopen. Therefore, the BIA did not abuse its discretion in denying Li's motion, where the evidence she presented was not previously unavailable.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.

---

mer Attorney General Alberto R. Gonzales as the respondent in this case.

2. Although Li has labeled her motion a "motion to reconsider," the BIA properly construed it as a motion to reopen, where she failed to specify errors of fact or law in the BIA's decision, *see* 8 C.F.R. § 1003.2(b)(1),

but instead sought to offer new evidence, *see* 8 C.F.R. § 1003.2(c)(1). *See Jie Chen v. Gonzales,* 436 F.3d 76, 78–79 & n. 5 (2d Cir.2006) (looking to the substance of a motion to determine whether it is properly classified as a motion to reopen or to reconsider.)