Djenaba CAMARA, Petitioner,

v.

## DEPARTMENT OF HOMELAND SECURITY, Respondent.

No. 07–2667–ag.

United States Court of Appeals, Second Circuit.

Oct. 3, 2008.

Theodore Vialet, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Blair O'Connor, Senior Litigation Counsel, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Djenaba Camara, a native and citizen of Guinea, seeks review of a May 22, 2007 order of the BIA denying her motion to reconsider. *In re Djenaba Camara*, No. A77 901 839 (B.I.A. May 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Camara's motion to reconsider. Pursuant to 8 C.F.R. § 1003.2(b)(2), an individual "may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." In its May 2007 decision, the BIA properly construed Camara's and Kante's appeal as a second motion to reconsider, and denied it as number-barred. *See Jie Chen v. Gonzales*, 436 F.3d 76, 78 n. 5 (2d Cir.2006). Camara asserts that the BIA should have granted her second motion to reconsider, notwithstanding this limitation, because her previous counsel had rendered ineffective assistance. However, there are no exceptions to the numerical limitations for motions to reconsider.

Camara argues that the ineffective assistance of counsel can toll the time limits for motions to reopen, but hers was a motion to reconsider. Thus, even if the BIA had considered the substance of the motion, it would have been properly denied as simply recasting arguments that the BIA had previously rejected. *See Jin Ming Liu*, 439 F.3d at 111.

For the foregoing reasons, the petition for review is DENIED.