SUMMARY ORDER

Petitioner Hui Chen, a native and citizen of the People’s Republic of China, seeks review of the June 5, 2008 order of the BIA denying his motion to reconsider.[1] In *397 re Hui Chen, No. A95 688 086 (B.I.A. June 5, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reconsider for abuse of discretion. Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006). An alien seeking reconsideration must file a motion to reconsider within 30 days of the underlying BIA decision. See 8 C.F.R. § 1003.2(b)(2). In certain cases, the filing deadline applied to motions before the agency may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the alien exercised “due diligence” in vindicating his or her rights. See Jin Bo Zhao v. INS, 452 F.3d 154, 156-57 (2d Cir.2006).
It is undisputed that Chen’s March 2008 motion to reconsider was untimely where the underlying BIA decision was issued in May 2006. See 8 C.F.R. § 1003.2(b)(2). We find no abuse of discretion in the BIA’s conclusion that Chen did not exercise sufficient due diligence to warrant equitable tolling of the 30-day filing deadline. Like the BIA, we assume that Chen exercised due diligence until his discovery of the alleged ineffective assistance of his prior counsel in April 2007, but conclude that he failed to demonstrate due diligence after that point. See Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir.2008). Chen does not persuasively argue that the BIA abused its discretion in rejecting his assertion that he did not pursue his alleged ineffective assistance claim until December 2007 — a period of eight months — because he could not afford to hire an attorney before that time. See Jian Hua Wang v. BIA 508 F.3d 710, 715-16 (2d Cir.2007). Accordingly, the BIA reasonably found that Chen’s motion to reconsider did not qualify for equitable tolling, and reasonably denied it as untimely. See id. Given this conclusion, it is unnecessary to consider any of Chen’s remaining arguments.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The BIA properly construed Chen’s “Motion for Leave to File Appeal by Certification" as a motion to reconsider. See Jie Chen v. Gonzales, 436 F.3d 76, 78-79 (2d Cir.2006) (noting that the BIA must construe motions not *397 just on their captions but also on their substance).