09-1603-ag
Li v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

Present:
>PIERRE N. LEVAL,
>JOSÉ A. CABRANES,
>ROBERT A. KATZMANN,
>>*Circuit Judges*.

_____

YUEXIAN LI,

>*Petitioner*,

>v.                                        No. 09-1603-ag

ERIC H. HOLDER, JR., United States Attorney General,

>*Respondent*.

_____

For Petitioner:         KEVIN LONG, Monterey Park, CA

For Respondent:         LANCE L. JOLLEY, Trial Attorney (Tony West, Assistant Attorney
                        General, David V. Bernal, Assistant Director, *on the brief*), Office
                        of Immigration Litigation, Civil Division, United States Department
                        of Justice, Washington, DC

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED**, that the petition for review is **GRANTED**, the March 31, 2009 order of the BIA is **VACATED**, and the case is **REMANDED** for further consideration.

Petitioner Yuexian Li seeks review of an order of the BIA, *In re Yuexian Li*, No. A 073 539 918 (B.I.A. Mar. 31, 2009), denying her September 11, 2008 motion to reopen removal proceedings that had concluded nearly ten years earlier. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The 90-day time limit for filing a motion to reopen does not apply when a petitioner is requesting asylum based on "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). This Court has consistently held that a self-induced change in personal circumstances is not sufficient to excuse an untimely motion. *See, e.g.*, *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Jie Chen v. Gonzales*, 436 F.3d 76, 77 (2d Cir. 2006) (per curiam). An abuse of discretion will be found when the BIA's decision "(1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory

statements." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 45 (2d Cir. 2005) (internal quotation marks omitted). When a petitioner proffers evidence of worsened country conditions, "the BIA has a duty to consider [such evidence] and issue a reasoned decision based thereon." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005). Though the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," in order to review the BIA decision this Court must be able "to discern [the BIA's] reasons for declining to afford relief to a petitioner." *Wang*, 437 F.3d at 275 (internal quotation marks omitted).

The BIA's order in the present case leaves us uncertain as to the precise grounds for its determination that Petitioner's evidence "does not show a material change of circumstances in China." The written decision appears to evaluate only the evidence Petitioner submitted in support of her contention that the police in China are aware that she recently joined The Shouters sect which, as the BIA correctly noted, constitutes a change in "personal circumstances" insufficient to justify an untimely motion to reopen. *See Wang*, 437 F.3d at 274. The decision offers no indication, however, that the BIA considered the evidence Petitioner proffered in her supplemental submission of November 17, 2008 indicting that the Chinese Government had recently cracked down on unofficial or "house" churches in China. In addition, though it is clear that the BIA was aware of the 2008 U.S. State Department report on religious freedom in China that Petitioner submitted on October 13, 2008, the BIA cited the report only to refute Petitioner's claim that she did not know the history and status of The Shouters in China before she joined. Given that the BIA's order appears only to address arguments and evidence regarding Petitioner's personal circumstances, we are unable to discern whether the BIA in fact concluded that she failed

-3-

to provide sufficient material evidence of a change in circumstances for "house church" Christians in China. In order to give the BIA the opportunity to more fully explain its reasoning, we hereby **GRANT** the petition for review, **VACATE** the March 31, 2009 order denying Petitioner's motion to reopen, and **REMAND** to the BIA for further consideration. The pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____