08-5372-ag
Zheng v. Holder

BIA
A098 971 281

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of August, two thousand ten.

PRESENT:
DENNIS JACOBS,
*Chief Judge*
JON O. NEWMAN,
PIERRE N. LEVAL,
*Circuit Judges.*

_____

LI JUAN ZHENG,
        *Petitioner*,

        v.                                            08-5372-ag
                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
        *Respondent.*

_____

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

04262010-1

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Michael F. Hertz, Acting Assistant Attorney General; John W. Blakeley, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Li Juan Zheng, a native and citizen of the People's Republic of China, seeks review of the October 8, 2008, order of the BIA denying her motion to reconsider and reopen. *In re Li Juan Zheng*, No. A098 971 281 (B.I.A. Oct. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In denying Zheng's motion to reconsider, the BIA did not err in finding that she failed to identify any legal or factual error in its reversal of the IJ's decision granting asylum. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). Indeed, rather than asserting any error in the BIA's prior decision, Zheng's motion merely restated the arguments she had made on appeal to the BIA. *See id.* (holding that the BIA does not abuse its discretion by denying a motion

to reconsider when the motion merely repeats arguments that the BIA has previously rejected); *Jie Chen v. Gonzales*, 436 F.3d 76, 78-79 & n.5 (2d Cir. 2006).

To the extent Zheng submitted new evidence, the BIA properly construed the motion as a motion to reopen, and denied it. Although she challenges the BIA's decision in this respect, her arguments are foreclosed by this Court's decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008). Contrary to Zheng's argument, the record does not support Zheng's contention that the BIA ignored any material evidence that she submitted. *See id.* at 169 (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Indeed, while the BIA noted that Zheng submitted letters from her physician and the WuHang town family planning office, it reasonably gave those documents limited weight because they were unauthenticated photocopies. *See id.* at 342 (finding that the weight afforded

to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *see Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010) (holding that unsigned, unauthenticated documents, from a "Street Resident Committee" and "Villager Committee," that fail to identify the authors, are entitled to minimal weight). Additionally, contrary to Zheng's argument that the BIA applied the wrong standard in assessing her timely motion to reopen, the BIA did not err in finding that she failed to demonstrate "new and material facts" sufficient to warrant reopening. *See* 8 C.F.R. § 1003.2; *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

04262010-1                    -4-