**LI QIN WANG, a.k.a. Li Ging Wang, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 07–3010–ag.**

United States Court of Appeals, Second Circuit.

April 3, 2008.

Charles Christophe, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; James E. Grimes, Senior Litigation Counsel, Daniel Glenn Lonergan, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Qin Wang, a native and citizen of the People's Republic of China, seeks review of a June 19, 2007 order of the BIA denying her motion to reopen, which the BIA construed as a motion to reconsider. *In re Li Ging Wang,* No. A73 586 217 (B.I.A. June 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reconsider, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

As a preliminary matter, we note that Wang did not challenge the BIA's decision to construe her motion as a motion to reconsider. Accordingly, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal). In any event, the BIA properly construed Wang's motion as a motion to reconsider where the motion did not present previously unavailable or undiscoverable evidence, as required in a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1); *Jie Chen v. Gonzales,* 436 F.3d 76, 78–79 & n. 5 (2d Cir.2006) (noting

that the BIA may construe motions according to their substance rather than their title); *see also In re H–A–*, 22 I. & N. Dec. 728 (B.I.A.1999).

Moreover, we conclude that the BIA did not abuse its discretion in denying Wang's motion where it largely reiterated arguments regarding her ineffective assistance of counsel claim which the BIA had previously rejected, and failed to allege any error in the BIA's previous decision. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (emphasizing that the BIA does not abuse its discretion in "denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected"); 8 C.F.R. § 1003.2(b) (stating that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority).[1]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**1.** Insofar as Wang argues that her newly filed *Lozada* complaint rendered her compliant with requirements set forth in *Matter of Lozada* her argument is unavailing because she failed to establish that she was previously unable to file a *Lozada* complaint. *Cf. Matter of O–S–G*, 24 I. & N. Dec. 56, 57 (BIA 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied").