**ZHANG LIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–4876–ag(L).**

United States Court of Appeals, Second Circuit.

Oct. 18, 2006.

H. Raymond Fasano, New York, New York, for Petitioner.

Leon Patton, Assistant United States Attorney, Kansas City, Kansas, Peter D. Keisler, Assistant Attorney General, Civil Division DOJ, Eric F. Melgren, United States Attorney, for Respondent.

PRESENT: Hon. WALKER, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Zhang Lian, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *See In re Lian*, No. A79–741–500 (BIA Aug. 18, 2005), aff'g No. A 79–741–500 (Immig. Ct. New York City May 14, 2004). Lian appeals only the denial of relief under CAT. Lian claims that because he left China illegally he will likely be incarcerated upon his return, and he presented documentary evidence to the IJ in support of his claim that it is "more likely than not"

that he would be tortured in prison. We assume the parties' familiarity with the underlying facts and procedural history.

To establish eligibility for relief under CAT, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir.2004). Where, as here, the BIA adopts and affirms a decision of an IJ and singles out several pieces of the IJ's decision in particular, we review both the decisions of the BIA and the IJ. *See Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir. 2004). We review questions of law *de novo*. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

 The IJ here denied Lian's petition because he found it unlikely that petitioner would be incarcerated upon his return to China because he had a valid passport when he left the country. The IJ further held that even if Lian were incarcerated, the 'rather harsh' conditions in Chinese prisons could not provide the basis for a claim of torture because there was no indication that they were 'deliberately created' by the Chinese government.

 The IJ erred when it required evidence that the Chinese government "deliberately created" these conditions, before determining whether such conditions rendered it more likely than not that Lian would be tortured if incarcerated. The CAT requires only the "[a]cquiescence of a public official," 8 C.F.R. § 1208.18(a)(7), and in *Khouzam v. Ashcroft*, 361 F.3d 161

(2d Cir.2004), we explained that "both actual knowledge and 'willful blindness' fall within the definition of the term 'acquiescence,' " *id.* at 171. Further, the IJ stated that under CAT, torture cannot "arise from legal sanctions." However, "lawful sanctions ... do not include sanctions that defeat the object and purpose of the [CAT] to prohibit torture," 8 C.F.R. § 1208.18(a)(3), and in *Khouzam*, we interpreted this provision to mean that CAT "extend[s] to situations where the victim has been accused of a crime," *Khouzam*, 361 F.3d at 169. Finally, the IJ also may have erred in suggesting that Lian did not violate Chinese law when he left the country because he had a valid passport. It appears that under Chinese law Lian also needed the Chinese government's permission before he could legally leave the country. *See Yi–Tu Lian v. Ashcroft*, 379 F.3d 457, 460 (7th Cir.2004) (finding, based on a State Department report, that "permission [to leave China] requires not only a passport but also an exit permit").

In light of these errors, we believe that it is appropriate to remand so that the IJ can consider Lian's claim under the proper legal framework set out in *Khouzam*. By doing so, we do not depart from our holding in *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005), that a petitioner must adduce "particularized evidence" of likely torture to support a CAT claim. Accordingly, on remand, the IJ should consider the entirety of the documentary evidence Lian presents to determine whether it contains "particularized evidence" that a citizen in Lian's situation would "more likely than not" be tortured upon his return to China. *See id.* at 160; *see also Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004) (cautioning against overreliance on State Department reports at the expense of contrary evidence).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for proceedings consistent with this order. The pending motion for a stay of removal is DENIED as moot.