**LI CHEN, also known as Chin Kwee Sim, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–3362–ag.

United States Court of Appeals, Second Circuit.

May 2, 2008.

H. Raymond Fasano, Esq., Madeo & Fasano, New York, New York, for Petitioner.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Assistant Director; Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Li Chen, also known as Chin Kwee Sim, a native and citizen of the People's Republic of China, seeks review of a July 11, 2007 order of the BIA denying his motion to reopen. *In re Li Chen a.k.a. Chin Kwee Sim,* No. A77 341 449 (B.I.A. July 11, 2007)(per curiam). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen or motion to reconsider for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir.2006). A motion to reconsider, on the other hand, "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna,* 20 I. & N. Dec. 399, 403 n. 2 (BIA 1991) (internal quotations omitted). A mo-

tion to reopen may be filed at any time until 90 days after the date of the final administrative decision, *see* 8 C.F.R. § 1003.2(c)(2), while a motion to reconsider must be filed "within 30 days after the mailing of the Board decision," *see* 8 C.F.R. § 1003.2(b)(2). Chen filed his motion on April 11, 2007, within 90 days of the issuance of the BIA's January 17, 2007 order dismissing his appeal, and, to the extent the motion can be considered a motion to reopen, it was therefore timely filed. However, construed as a motion to reconsider, it was untimely.

■   Although Chen labeled his motion a motion to reopen, it is more properly characterized as a motion to reconsider. *See Jie Chen v. Gonzales,* 436 F.3d 76, 78 n. 5 (2d Cir.2006) (stating that "[i]t is of course not the case that a bare description of a filing as a 'motion to reopen' allows a petitioner to avoid the thirty-day time limit governing motions to reconsider"). In his motion, Chen asked the BIA to reconsider its decision in light of what he characterized as a change in this Court's legal standard with respect to the evidence required to meet the burden of proof on a CAT claim. Because Chen's motion did not assert any newly discovered facts or new factual developments, *see* 8 C.F.R. § 1003.2(c)(1), it was essentially a motion to reconsider, *see* 8 C.F.R. § 1003.2(b), and the BIA therefore could have dismissed it as untimely without abusing its discretion.[2] However, the BIA treated Chen's motion as a timely filed motion to reopen and adjudicated it on the merits. To the extent that this was error, we agree with the government that such error was harmless. Indeed, whether construed as a motion to reopen or a motion to reconsider, Chen's motion is ultimately meritless.

---

**2.** Had the BIA treated Chen's motion as a motion to reconsider, it would have denied the motion as untimely and then considered

whether *sua sponte* reopening was appropriate. *See In re G–D–,* 22 I. & N. Dec. 1132, 1135 (B.I.A.1999).

■ To the extent that Chen argues that our holding in *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156 (2d Cir. 2005), that an applicant for CAT relief must adduce "particularized evidence" of likely torture to establish eligibility, has been superseded or modified by our unpublished summary order in *Zhang Lian v. Gonzales,* 201 Fed.Appx. 808 (2d Cir. 2006), Chen misapprehends the precedential effect of summary orders and grossly misinterprets the reasoning underlying both cases. Pursuant to Local Rule 32.1(b), summary orders do not have precedential effect. Indeed, the summary order Chen relies on was filed in October 2006, and only summary orders filed after January 1, 2007 may be cited in a party's brief. *See* Local Rule 32.1(c)(1). Moreover, there is no appreciable difference between the standard for CAT claims we articulated in *Mu Xiang Lin* and the standard we articulated in *Zhang Lian.* In fact, we specifically noted in *Zhang Lian* that our decision in that case was not a departure from our holding in *Mu Xiang Lin. See Zhang Lian,* 201 Fed.Appx. at 810.

■ Chen's argument that he has submitted sufficient particularized evidence to meet his burden of proof under *Mu Xiang Lin* is similarly unavailing. Chen points to the promissory notes for his smuggling debt as satisfying the particularized evidence requirement. However, the promissory notes only serve to establish that Chen's father borrowed large sums of money to pay the snakehead who smuggled Chen out of China. They do not establish that someone in Chen's particular circumstances would face a clear possibility of torture in China. *See Mu Xiang Lin,* 432 F.3d at 160; *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir. 2003)

■ Chen also argues that his case is distinguishable from *Mu Xiang Lin* because, unlike the petitioner in *Lin,* he did not rely solely on State Department reports but also submitted extensive additional background materials regarding the prevalence of torture in China. However, while some of the articles and reports Chen submitted indicate that returning Chinese citizens who left the country illegally are sometimes detained or fined, and others indicate that torture occurs in Chinese prisons and detention facilities, the background materials, taken as a whole, do not establish that illegal Chinese emigrants face a likelihood of torture while in detention. *See Mu Xiang Lin,* 432 F.3d at 160; *Mu–Xing Wang,* 320 F.3d at 144. Accordingly, the documentary evidence Chen submitted does not satisfy the heavy burden placed on a CAT claimant to establish that someone in his particular alleged circumstances is more likely than not to be tortured. *See Mu Xiang Lin,* 432 F.3d at 160; *Mu–Xing Wang,* 320 F.3d at 144.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).