**QIAN CHEN, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney**

General,* Respondent.

No. 08–0396–ag.

United States Court of Appeals,
Second Circuit.

March 24, 2009.

H. Raymond Fasano, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Richard Evans, Assistant Director, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Qian Chen, a native and citizen of the People's Republic of China, seeks review of a January 10, 2008 order of the BIA affirming the April 18, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qian Chen,* No. A96 040 865 (B.I.A. Jan. 10, 2008), *aff'g* No. A96 040 865 (Immig. Ct. N.Y. City Apr. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir.2008).

As an initial matter, Chen has waived his claims for asylum and withholding of removal by failing to raise any argument whatsoever regarding either claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, we limit our review to whether the agency properly denied CAT relief based on Chen's claim that he would likely face torture if returned to China.

■ We conclude that the agency correctly determined that Chen failed to submit evidence in support of his CAT claim that was sufficiently particularized to meet his burden of proof. In order to prevail on his CAT claim, Chen needed to submit evidence showing a clear probability that someone in his particular alleged circumstances—*i.e.,* someone who left China legally but entered the United States illegally—would be tortured. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). Chen failed to produce such particularized evidence. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005). Chen submitted numerous reports and articles concerning the detention or imprisonment of individuals removed from the United States after leaving China illegally. However, he submitted no evidence that suggested that Chinese citizens who leave China legally are subject to such detention or imprisonment, much less torture, based on their illegal entry into the United States and subsequent removal.[1]

Moreover, even if Chen did leave China illegally, the evidence that he submitted would still be insufficient to meet the "particularized evidence" standard set forth in *Mu–Xing Wang* and *Mu Xiang Lin.* While some of the articles and reports that Chen submitted indicate that returning Chinese citizens who left the country illegally are sometimes detained or fined, and others indicate that torture occurs in Chinese

---

1. Chen argues that his case should be remanded based upon this Court's decision in *Zhang Lian v. Gonzales,* 201 Fed.Appx. 808 (2d Cir.2006). However, *Zhang Lian* is an unpublished summary order which has no precedential effect. *See* Local Rule 32.1(b). Indeed, the order in *Zhang Lian* was filed in October 2006, and only summary orders filed after January 1, 2007 may be cited in a party's brief. *See* Local Rule 32.1(c)(1). In any event, Chen fails to show that the agency here committed the same errors prompting remand in *Zhang Lian.*

prisons and detention facilities, the background materials, taken as a whole, do not establish that illegal Chinese emigrants face a likelihood of torture while in detention. *See Mu Xiang Lin,* 432 F.3d at 160; *Mu–Xing Wang,* 320 F.3d at 144.

■ Chen also argues that the IJ erred in denying his CAT claim based on lack of corroboration without first identifying the evidence that he would need to submit to meet his burden of proof. Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "identify the particular pieces of missing, relevant documentation," *see Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007), and "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient," *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000).

Here, despite Chen's arguments to the contrary, the IJ did comply with the requirements set forth in *Diallo* by identifying the missing corroborating evidence. After Chen testified that he feared that he would be imprisoned if he were removed to China, the IJ halted the testimony and asked Chen's attorney whether he had "any documentation [that] indicates that China charges people with a crime for entering, or being sent back from another country." Chen's attorney drew the IJ's attention to articles in the background materials indicating that illegal emigrants were detained and sometime sent to re-education-through-labor camps. *See id.* When the IJ noted that none of the background materials addressed the treatment of someone who, like Chen, had left China

legally and with the proper documentation, Chen's attorney simply stated that he objected to the requirement that an applicant for CAT relief present evidence that someone in his particular alleged circumstances would be subjected to torture. Chen, through his attorney, thus had an adequate opportunity to explain during his hearing the reasons for his failure to submit the identified corroborative evidence but simply did not do so. Thus, the IJ met the requirements set forth in *Diallo.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).