SUMMARY ORDER

Muhammad Ahsan Farooq Mirza, a native and citizen of Pakistan, seeks review of an October 30, 2007 order of the BIA summarily affirming the January 23, 2007 decision of Immigration Judge (“IJ”) Annette S. Elstein, denying his motion to *411 reopen his removal proceedings. In re Muhammad Alisan Farooq Mirza, No. A95 961 878 (B.I.A. Oct. 27, 2007), aff'g No. A95 961 878 (Immig. Ct. N.Y. City Jan. 23, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
Where, as here, the BIA summarily affirms the decision of the IJ without issuing' an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination, see Twum v. I.N.S., 411 F.3d 54, 58 (2d Cir.2005). We review the BIA’s decision to affirm an IJ’s denial of a motion to reopen for abuse of discretion. Celtic v. INS, 435 F.3d 167, 170 (2d Cir.2006). “An abuse of discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or eonclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).
To the extent that Mirza’s filing may be construed as a motion to reopen, the agency did not abuse its discretion in denying it. A motion to reopen removal proceedings must be filed within ninety days of the final administrative decision. See 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b)(3). Nonetheless, an untimely motion to reopen may be brought when the movant presents evidence establishing “changed country conditions arising in the country of nationality” which was undiscovered or unavailable at the time of the movant’s hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). Here, Mirza’s motion was not properly filed with the immigration court until more than 90 days after the IJ issued her order denying his applications for relief. See 8 C.F.R. § 1003.39 (providing that an IJ’s decision becomes final upon expiration of the time to appeal if an appeal is not taken). However, Mirza failed to submit evidence of changed country conditions in Pakistan that would excuse the untimeliness of his motion. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.28(b) (4) (i).
Mirza argues that, in light of his pro se status, the agency should have taken administrative notice of changed country conditions in Pakistan. However, he points to no authority in support of this argument that would obligate the agency to take such administrative notice. See Ming Shi Xue v. B.I.A., 439 F.3d 111, 125 n. 18 (2d Cir.2006). As Mirza failed to establish, or even submit evidence of, changed country conditions in Pakistan, the agency properly denied his motion to reopen.** See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii).
Mirza also argues that his filing was intended to serve as a Notice of Appeal. He argues that, in light of his pro se *412 status, the immigration court should have forwarded the notice to the BIA and that the IJ erred in finding the Notice of Appeal untimely. He further argues that the immigration court misled him, causing him to misdirect his Notice of Appeal, when it returned his original September 2006 filing to him without informing him that he should file it with the BIA. However, although Mirza had the opportunity to do so, he never argued to the BIA that he intended his filing to serve as a Notice of Appeal or that the IJ erred in denying it on that basis. A petitioner is generally required to raise to the BIA the specific issues he later raises in this Court. See Foster v. INS, 376 F.3d 75, 78 (2d Cir. 2004). Because Mirza’s argument that the IJ should have construed his filing as a Notice of Appeal is being raised for the first time in this Court, it has not been administratively exhausted, and we therefore decline to consider it. See id.
Finally, Mirza argues that the agency’s failure to provide him with a transcript of his hearing and the IJ’s decision in the underlying proceedings constituted a violation of his due process rights. “Due process demands a reasonably accurate and complete transcript to allow for meaningful appellate review and to allow the alien to mount a challenge to the proceedings conducted before the IJ.” Sterkaj v. Gonzales, 439 F.3d 273, 278 (6th Cir.2006). Nonetheless, a petitioner must show prejudice in order to establish that the agency’s failure to provide him with a transcript of these proceedings constituted a violation of his due process rights. See Kheireddine v. Gonzales, 427 F.3d 80, 85 (1st Cir.2005) (requiring that claimant show “specific prejudice to his ability to perfect an appeal” for a due process violation). The prejudice caused by insufficient transcription does not warrant a remand if the transcription failure does not make any difference to the outcome of the review. Id. at 86.
In this case, Mirza has not shown that he suffered prejudice as a result of the agency’s failure to provide him with a complete transcript. See id. It is improbable that a more complete transcript would have assisted Mirza in establishing changed country conditions for the purposes of his motion to reopen. Because Mirza was required to submit evidence that was new and not previously available at the time of his hearing, nothing in the hearing transcript could have helped him meet his burden. Thus, Mirza has not established prejudice as a result of the agency’s refusal to supply the transcript and has no grounds for asserting a due process violation. See id.
For the foregoing reasons, the petition for review is DENIED.

 The plain language of Mirza's motion suggests that it is more appropriately characterized as a motion to reconsider than as a motion to reopen. See 8 C.F.R. § 1003.23(b)(2); Jie Chen v. Gonzales, 436 F.3d 76, 78-79 & n. 5 (2d Cir.2006). However, even if the agency erred in failing to consider Mirza's filing as a motion to reconsider, remand would be futile. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 (2d Cir.2006). As it was filed more than thirty days after the IJ issued her order denying Mirza's applications for relief, the motion to reconsider was untimely, see 8 C.F.R. §§ 1003.23(b)(1); 8 C.F.R. § 1003.39, and there is no exception to the time bar imposed on motions to reconsider. In re J-J-, 21 I. & N. Dec. 976, 978 (B.I.A. 1997). Thus, even if Mirza's filing had been construed as a motion to reconsider, it would inevitably have been denied as untimely.