**MEI HUI DONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

No. 08–2865–ag.

United States Court of Appeals, Second Circuit.

March 16, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Eric H. Holder, Jr. is substituted for Michael B. Mukasey as respondent.

Tina Yu Howe, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; David V. Bernal, Assistant Director; Deitz P. Lefort; Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Hui Dong, a native and citizen of the People's Republic of China, seeks review of the May 28, 2008 order of the BIA denying her motions to reconsider and reopen. *In re Mei Hui Dong,* No. A77 281 336 (B.I.A. May 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). "[W]here the agency's determination is based on an inaccurate perception of the record, omitting potentially significant facts, we may remand for reconsideration or rehearing...." *Tian–Yong Chen v. I.N.S.,* 359 F.3d 121 (2d Cir.2004).

### I. Motion to Reconsider

■ The regulations provide that a motion to reconsider "must be filed with the Board within 30 days after the mailing of the Board decision or on or before July 31, 1996, whichever is later." 8 C.F.R. § 1003.2(b)(2). Here, there is no dispute that Dong filed her motion to reconsider more than 30 days after the BIA denied her first motion to reopen. Moreover, contrary to her argument, the BIA properly applied the 30 day deadline where Dong alleged an error of fact in the BIA's prior decision, an allegation properly made only in a motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(2); *Jie Chen v. Gonzales,* 436 F.3d 76, 78 n. 5 (2d Cir.2006). Thus, the BIA did not abuse its discretion in denying her motion as untimely, where there is no exception to the 30–day deadline applicable to motions to reconsider. *See* 8 C.F.R. § 1003.2(b)(2).

### II. Motion to Reopen

Dong submitted new evidence with her motion, and accordingly, the BIA properly

338

construed it as a motion to reopen. The regulations provide that, with limited exceptions, a party may file only one motion to reopen removal proceedings, and that motion must be filed no later than 90 days after the date on which the final administrative order of removal was issued. 8 C.F.R. § 1003.2(c)(2). However, such limitations shall not apply where the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a (c)(7)(C)(ii).

 Dong concedes that her second motion to reopen exceeded the applicable time and number bars, but argues that the BIA abused its discretion in finding that she failed to meet an exception to those limitations. In its decision, the BIA stated only that "respondent has not offered any evidence at this time to establish a change in circumstances or country conditions." In making this conclusory statement, the BIA failed to explain how the January 24, 2008 letter offered by Dong from her father stating that her mother was arrested by Chinese police on January 21, 2008 for her participation in Falun Gong, would not meet the requirements for a grant of a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Poradisova v. Gonzales,* 420 F.3d 70, 81 (2d Cir.2005) ("IJs and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim. A similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions.").

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, the BIA's decision is AFFIRMED in part and VACATED in part; and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.