*450 SUMMARY ORDER
Petitioners, Przemyslaw and Agata Kos-ciuk seek review of an October 28, 2008 order of the BIA, In re Przemyslaw M. Kosciuk and Agata Katarzua Kosciuk, Nos. A 098 825 064, A 098 822 418 (B.I.A. Oct. 28, 2008), construing their July 3, 2008 “Motion to Remand” as a motion for reconsideration and denying it as such. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen or a motion to reconsider for abuse of discretion. Jie Chen v. Gonzales, 436 F.3d 76, 77 (2d Cir.2006) (per curiam). “Where the BIA, based on relevant regulations, determines that the claims asserted in an ambiguous motion are properly construed as either a ‘motion to reopen’ or a ‘motion to reconsider,’ the BIA’s conclusion [is] reviewed for abuse of discretion.” Id. at 78 n. 5.
In substance, the petitioners’ July 3, 2008, motion sought the same relief — that is, a remand to the IJ so they could apply for voluntary departure — that the BIA had previously denied in its June 16, 2008, order. Although titled a motion to remand, the petitioners referred to the motion as one to reopen throughout the motion papers and included affidavits that they describe as “new evidence.” We need not decide whether the BIA erred in construing the July 3, 2008, motion as a motion for reconsideration. Even if the motion should have been construed as a motion to reopen, remand to the agency would not be required because there is no realistic possibility that the BIA would have reached a different conclusion had it construed the motion as a motion to reopen. See Alam v. Gonzales, 438 F.3d 184, 187 (2d Cir.2006). Although petitioners submitted with the motion affidavits that they describe as “new evidence,” the evidence contained in the affidavits was available and discoverable when the petitioners first sought to have proceedings remanded. Because petitioners’ July 3, 2008, motion did not present previously unavailable or undiscoverable evidence, the applicable regulations provide that their motion could not be granted. See 8 C.F.R. § 1003.2(c)(1) (“A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.”). The applicable regulations provide further that a “motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary 1‘elief” shall not be granted if “the alien’s right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing.” Id. Petitioners have not shown that the opportunity to apply for voluntary departure was not explained or afforded to them or that circumstances subsequent to the hearing have made the relief available. Thus, even if the BIA abused its discretion by not construing petitioners’ motion as a motion to reopen, the motion was properly denied.
Having construed the July 3, 2003 motion as one for reconsideration, the BIA properly denied it where it failed to identify any error of fact or law. See 8 C.F.R. § 1003.2(b). The BIA does not abuse its discretion in denying a motion to reconsider where the movant merely repeats arguments the BIA has already rejected. See Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006). Here, petitioners identified no errors of fact or law in the underlying agency decision, but rather rehashed arguments that they had already presented to the BIA on appeal, and the BIA thus *451 did not abuse its discretion in denying their motion. See id.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.