08-6153-ag
Lin v. Holder

BIA
A070 891 183
A099 082 629

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of December, two thousand nine.

PRESENT:
        RALPH K. WINTER,
        PIERRE N. LEVAL,
        REENA RAGGI,
            *Circuit Judges*.

—————————————————————————————

XUA HUA LIN, AKA YU HUA LIN,
HAO LIN,
         *Petitioners*,

      **v.**                    **08-6153-ag**

                                    **NAC**

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
        *Respondent*.

—————————————————————————————

      [*]  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONERS:** Peter L. Quan, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; John J. W. Inkeles, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Petitioners Xua Hua Lin and Hao Lin, natives and citizens of the People's Republic of China, seek review of a November 21, 2008 order of the BIA denying their motion to reconsider. *In re Xua Hua Lin and Hao Lin*, Nos. A070 891 183, 099 082 629 (B.I.A. Nov. 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, contrary to the government's contention, petitioners exhausted in their motion to reconsider before the BIA their argument that the Immigration Judge ("IJ") had an affirmative duty to inform Xua Hua Lin of his potential eligibility for cancellation of removal and his ability to apply for such relief.

2

Therefore, we consider such argument exhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). The government correctly argues, however, that petitioners failed to exhaust in their motion to reconsider their argument that the BIA's prior decision was erroneous insofar as it affirmed the IJ's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (recognizing that the jurisdictional exhaustion rule is absolute with respect to the requirement that the alien must raise before the agency each category of relief subsequently raised in this Court). Moreover, we lack jurisdiction to consider any direct challenge to the agency's underlying denial of that relief. *See* 8 U.S.C. § 1252(b)(1); *see also Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001). We dismiss the petition for review to that extent.

We review the BIA's denial of a motion to reopen and reconsider for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v.*

*Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). "An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao*, 265 F.3d at 93 (internal citations omitted). The BIA did not abuse its discretion in denying petitioners' motion.

Contrary to petitioners' contention, the BIA did not ignore their argument that the IJ had an obligation to inform them that Xua Hua Lin was potentially eligible for cancellation of removal. Indeed, the BIA acknowledged and reasonably rejected that argument, noting that petitioners were represented by counsel throughout their proceedings and that counsel had implied that any failure to apply for cancellation of removal was a tactical decision to avoid unnecessary delays and not because they were unaware of the availability of such relief. *See Ke Zhen Zhao*, 265 F.3d at 93.

Similarly, there is no merit to petitioners' argument that the BIA erroneously treated their motion to reconsider

4

as a motion to reopen by requiring them to submit an application for cancellation of removal.  The BIA reasonably construed their motion as seeking reconsideration to the extent it challenged the BIA's underlying denial of their application for asylum, withholding of removal, and CAT relief, and reopening to the extent it sought remand for consideration of cancellation of removal.  *See Jie Chen v. Gonzales*, 436 F.3d 76, 78-79 (2d Cir. 2006) (noting that the BIA must construe motions not just on their captions but also on their substance); *see also Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (providing that a request to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen).  As to petitioners' motion to reopen, the BIA properly denied it in part because it was not accompanied by an application for cancellation of removal as required by the agency's regulations.  *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation.").

Finally, because we do not have jurisdiction to review

5

the agency's denial of an application for cancellation of removal based on the alien's failure to establish "exceptional and extremely unusual hardship," 8 U.S.C. § 1252(a)(2)(B); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) (recognizing that the Court lacks jurisdiction to review the factual determinations underlying the agency's conclusion that an alien has not demonstrated "exceptional and extremely unusual hardship"), we lack jurisdiction to consider the agency's hardship finding in the motion to reopen context. *See Durant v. INS*, 393 F.3d 113, 115-16 (2d Cir. 2004) ("While final orders of removal and orders denying motions to reopen are treated as separate final orders and require separate petitions for review, . . . these orders are sufficiently connected that permitting review of a motion to reopen when § 1252(a)(2)(C) bars review of the final order of removal would provide an improper backdoor method of challenging a removal order."); *see also Alzainati v. Holder*, 568 F.3d 844, 847-50 (10th Cir. 2009) (finding that the Court lacked jurisdiction to review the BIA's denial of a motion to reopen that was based on the merits of the "exceptional and extremely unusual hardship" issue). Therefore, we lack jurisdiction to

consider petitioners' challenge to the BIA's refusal to reopen their proceedings in order for them to pursue an application for cancellation of removal and we dismiss the petition for review to that extent.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

7