09-2133-ag
Jiang v. Holder

BIA
A095 716 702

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand ten.

PRESENT:
>       ROBERT D. SACK,
>       RICHARD C. WESLEY,
>       PETER W. HALL,
>             *Circuit Judges*.

_____

BAO TAI JIANG, ALSO KNOWN AS JIANG BAO TAI,
>       *Petitioner*,

    v.                                    09-2133-ag
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>       *Respondent*.

_____

**FOR PETITIONER:**          Nathan Weill, New York, New York

**FOR RESPONDENT:**          Tony West, Assistant Attorney General, Jennifer Paisner Williams, Senior Litigation Counsel, Colette J. Winston, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Bao Tai Jiang, a native and citizen of the People's Republic of China, seeks review of the April 22, 2009 order of the BIA denying her motion to reopen. *In re Bao Tai Jiang*, No. A 095 716 702 (B.I.A. Apr. 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, the Government asserts that we lack jurisdiction to review the BIA's refusal to reopen Jiang's proceedings *sua sponte* based on her assertion that she received ineffective assistance from her prior counsel. The Government is correct that we lack jurisdiction to review the BIA's exercise of its *sua sponte* authority. *Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Here, however, despite the fact that Jiang herself requested

2

that the BIA exercise its *sua sponte* authority, her motion was best construed as seeking equitable tolling of the filing deadline.  *See Jie Chen v. Gonzales,* 436 F.3d 76, 78-79 (2d Cir. 2006).  We are not without jurisdiction to review the BIA's refusal to equitably toll the filing deadline based on a claim of ineffective assistance of counsel.  *See, e.g., Iavorski v. INS*, 232 F.3d 124, 134-35 (2d Cir. 2000).

Assuming this Court has such jurisdiction, we conclude that the BIA did not abuse its discretion in rejecting Jiang's ineffective assistance of counsel claim.  *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).  Although ineffective assistance of counsel may provide a basis for equitably tolling the filing deadline for motions to reopen, *id*. at 171, the alien is required to demonstrate that she exercised "due diligence" in pursuing her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed," *see Rashid v. Mukasey*, 533 F.3d 127, 135 (2d Cir. 2008).  The BIA reasonably found that Jiang failed to demonstrate that she acted with due diligence in pursuing her ineffective assistance of counsel claim "because of the almost 2 year

3

delay between the Immigration Judge's decision of January 30, 2007, and [Jiang's] December 15, 2008, motion to reopen." *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Indeed, to the extent Jiang alleged that her prior counsel failed to present one of her claims, she should have become aware of that failure at the time of her merits hearing and the IJ's oral decision. Because the BIA did not abuse its discretion in declining to equitably toll the filing deadline for Jiang's motion to reopen, we need not consider the BIA's alternative finding that she was not prejudiced by counsel's purportedly ineffective assistance. *See Rashid*, 533 F.3d at 135.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4