09-1757-ag
Bah v. Holder

BIA
A 097 847 391

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT:
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

———————————————————————

MAMADOU ALIOU BAH,
        *Petitioner*,

        v.                                  09-1757-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

———————————————————————

FOR PETITIONER:        *Pro se*.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Jennifer L.
                       Lightbody, Senior Litigation
                       Counsel; Robbin K. Blaya, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Mamadou Aliou Bah, a native and citizen of Guinea, seeks review of an April 1, 2009, order of the BIA denying his motion to reopen and reconsider. *In re Mamadou Aliou Bah*, No. A 097 847 391 (B.I.A. Apr. 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, the deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating his or her rights. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006).

The BIA did not err in finding that Bah failed to exercise due diligence in pursuing his ineffective assistance of counsel claim, an independent basis for

2

denying his motion to reopen. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994); *Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir. 2007). As the BIA observed, when Bah filed his second motion to reopen, he was represented by the same attorney who filed his first. Under these circumstances, it was neither arbitrary nor capricious for the BIA to find that Bah's ninety-two day delay in filing a second motion to reopen did not exhibit the type of diligence required for equitable tolling. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001). This is particularly true because an alien has only thirty days to file a motion to reconsider alleging legal or factual error in a prior BIA decision. *See* 8 C.F.R. § 1003.2(b)(2). Therefore, to the extent Bah sought in his second motion to reopen to remedy the deficiencies the BIA had identified in denying his first, the BIA could (and arguably should) have construed his motion as a motion to reconsider.[1] *See* 8 C.F.R. § 1003.2(b)(1); *see also Jie Chen v. Gonzales*, 436 F.3d 76, 78-79 & n.5 (2d Cir. 2006) (holding that the BIA must construe motions as motions to reopen or reconsider

---

[1] Had the BIA done so, the motion would properly have been denied as untimely. 8 C.F.R. § 1003.2(b)(2). There are no exceptions to the filing deadline for motions to reconsider.

3

depending not just on their captions but also on their substance).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk